# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH A. GRAHAM,<br>  Plaintiff,<br>v.<br>LOS ANGELES COUNTY, et al.,<br>  Defendants. | Case No. 2:18-cv-01126-PA (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On February 9, 2018, Plaintiff filed a complaint under 42 U.S.C. § 1983 [Dkt. 1]. On May 4, 2018, pursuant to the Court's screening obligations under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), the Court denied Plaintiff's request to proceed on an in forma pauperis basis and granted Plaintiff 30 days leave to amend [Dkt. 13.] On May 21, 2018, Plaintiff filed a request for an extension of time, which United States Magistrate Judge Gail J. Standish granted on May 25, 2018, extending Plaintiff's deadline for filing his First Amended Complaint to August 2, 2018 [Dkts. 14-15].

On June 12, 2018, the Clerk's Office received from the United States Postal Service the copy of Magistrate Judge Standish's May 25, 2018 Order served on Plaintiff, with an indication that the Order was undeliverable, because Plaintiff had been "released." On July 5, 2018, Magistrate Judge Standish issued an Order to

Show Cause to Plaintiff regarding his failure to comply with the Local Rule 41-6 requirement that he notify the Court of any address change [Dkt. 18, "OSC"]. On July 23, 2018, the copy of the OSC served upon Plaintiff was returned by the United Postal Service as undeliverable with a notation that Plaintiff has been "released."

August 2, 2018, has come and gone and Plaintiff has neither filed a First Amended Complaint nor requested a second extension of time to do so. Moreover, the Court currently has no means of communicating with Plaintiff, as his docket address of record (the Los Angeles County Jail) is invalid, mail sent to him twice has been returned as undeliverable, and the Court lacks any telephone number or e-mail address for Plaintiff. Given Plaintiff's failures to file a First Amended Complaint and to provide the Court with a viable address, the Court assumes that he no longer wishes to pursue this case and that this action may be dismissed.

Local Rule 41-6 provides that:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Plaintiff has failed to comply with the Local Rule 41-6 requirement that he submit a Notice of Change of Address for filing when his address changed. It has been more than 15 days since the Magistrate Judge's Order of May 25, 2018 was returned as undeliverable, and mail sent since then also has been returned as undeliverable. Thus, Local Rule 41-6 on its own supports the dismissal of this action for want of prosecution.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether

dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, only the fifth factor, the general policy favoring resolution of cases on the merits, arguably could favor retention of this action on the Court's docket. However, for the reasons set forth in the Court's Order of May 4, 2018, the Complaint filed was defective, and given its substantial inherent defects, dismissal was required. There is no operative pleading on file in this case due to Plaintiff's noncompliance with the May 4, 2018 Order. Hence, the merits of Plaintiff's claims, if any, do not favor retention of this case on the docket.

Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failure to comply with both the May 4, 2018 Order and Local Rule 41-6 has caused this action to come to a halt, thereby impermissibly allowing Plaintiff, rather than the Court, to control the pace of the proceedings in this case.

The third factor—possible prejudice to the opposing party—is, at best, neutral to Plaintiff. The Complaint is based on events alleged to have occurred over two years ago. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to any Defendant as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal. The May 4, 2018 Order specifically admonished Plaintiff that his failure to comply with the Order and to timely file a First Amended Complaint might result in the dismissal of this action.

Having been so cautioned, yet having done nothing to move this case forward, it appears that Plaintiff does not intend to pursue this case. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Yourish*, 191 F.3d at 992 (finding Rule 41(b) dismissal based on plaintiff's failure to file amended complaint as ordered was warranted when strongly supported by three factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6, for lack of prosecution.

**IT IS SO ORDERED.**

DATED: August 3, 2018        _____
                              PERCY ANDERSON
                              UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE